UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
MANUEL PEREZ,

                     Plaintiff,

         -against-                    **MEMORANDUM AND ORDER**

ERIC HENDRIX                              05-CV-2709 (SLT)
DETECTIVE FROM 115 PCT,

                     Defendant.
----------------------------------------------------------x
TOWNES, United States District Judge:

      Plaintiff Manuel Perez, who is currently incarcerated in a New York State prison, brings this pro se action pursuant to 42 U.S.C. § 1983 ("§ 1983"), alleging that defendant Eric Hendrix threatened him during an interrogation and attempted to coerce witnesses into testifying against him. Plaintiff's application to proceed in forma pauperis is granted. However, because this action raises claims which were previously dismissed by this Court, this action is dismissed.

Background

      This is the second § 1983 action which plaintiff has brought in this Court against Eric Hendrix, a detective assigned to the New York Police Department's 115th Precinct in Queens. The first complaint – filed in March 2004 – chronicled a nearly ten-year history of interactions between Hendrix and plaintiff which, plaintiff claimed, demonstrated a pattern of "harassment." The complaint (hereinafter, "the Previous Complaint") alleged, inter alia, that around June 2002, Hendrix attempted to coerce "a man named Echa" into testifying against plaintiff by offering him money and promising to dismiss charges that were pending against him. Previous Complaint, ¶ IV. The Previous Complaint further alleged that, "around July 2002," Hendrix arrested plaintiff's wife, Judy Lebron, and held her for eight hours, threatening to imprison her and to remove her children from her custody unless she incriminated plaintiff. Id. In addition, the

197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Pursuant to 28 U.S.C. § 1915A(b), this Court has reviewed plaintiff's complaint and has determined that the instant complaint is precluded by the doctrines of collateral estoppel and res judicata. These doctrines "protect parties from having to relitigate identical claims or issues and ... promote judicial economy." Transaero, Inc. v. La Fuerza Aerea Boliviana, 162 F.3d 724, 731 (2d Cir. 1998), cert. denied, 526 U.S. 1146 (1999) (citing Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir.1998)). Collateral estoppel – also known as "issue preclusion" – "bars a party from raising a specific factual or legal issue in a second action when the party had a full and fair opportunity to litigate the issue in a prior proceeding." Id. This doctrine applies when:

> (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits.

Id. (citing Liona Corp. v. PCH Assocs. (In re PCH Assocs.), 949 F.2d 585, 593 (2d Cir.1991)). Res judicata – also known as "claim preclusion" – "bars litigation of any claim for relief that was available in a prior suit between the same parties or their privies, whether or not the claim was actually litigated." Id.

Most, if not all, of the issues raised by plaintiff in the instant complaint are identical to the issues raised in the Previous Complaint. These issues were actually decided by Judge Block, and plaintiff had a full and fair opportunity to seek reconsideration or to appeal Judge Block's

4

decision. Accordingly, collateral estoppel operates to preclude plaintiff from relitigating these claims.

To the extent that the instant complaint can be read as raising claims which were not actually raised in the Previous Complaint, such claims could have been raised in the prior litigation and are barred by the doctrine of res judicata. Moreover, to the extent that the instant complaint could be read as a motion for reconsideration, plaintiff has not made the showing necessary to obtain such relief. See Fed. R. Civ. P. 60(b); Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked").

Conclusion

For the reasons set forth above, the instant complaint, filed in forma pauperis, is hereby dismissed pursuant to 28 U.S.C. §1915A(b), since the claims therein are precluded under the doctrines of collateral estoppel and res judicata. The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/SANDRA L. TOWNES
United States District Judge

Dated: Brooklyn, New York
July 15, 2005

5

Previous Complaint alleged that on July 23, 2003, Hendrix had questioned plaintiff concerning two homicides while plaintiff was an in-patient at the Mid-Hudson Forensic Psychiatric Center ("Mid-Hudson"). Id.

In June 2004, the Previous Complaint was dismissed by the Honorable Frederic Block for failure to state a claim. Judge Block noted that in order to maintain a § 1983 action, plaintiff had to allege that Hendrix's conduct deprived him of "rights, privileges or immunities secured by the Constitution or laws of the United States." Perez v. NYC Police Dept., No. 04-CV-1671 (FB), slip op. at 5 (E.D.N.Y. June 25, 2004) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)). However, Judge Block concluded that the allegations in plaintiff's complaint "relating to Hendrix's actions in 2002 and 2003 [did] not remotely suggest any violations of [plaintiff's] rights under the Constitution or laws of the United States." Id. at 6. Judge Block stated:

> The allegations concerning Hendrix's questioning of plaintiff's wife and niece and Hendrix's apparently fruitless attempts to secure the cooperation of a suspect do not state or suggest a violation of the Constitution or federal laws. Moreover, even if Hendrix used verbal threats against Perez in the course of that investigation, such threats do not amount to a constitutional violation. See, e.g., Jermosen v. Coughlin, 878 F.Supp. 444, 449 (N.D.N.Y. 1995) ("verbal threats or abuse are not sufficient to state a constitutional claim cognizable under § 1983").
>
> The complaint in this case does not allege that Hendrix ever used force upon Perez, much less caused physical injury to him. Moreover, the complaint does not allege that the purported threats succeeded in coercing Perez into abandoning his Fifth Amendment right against self- incrimination or chilled his exercise of any other constitutional rights. * * * Accordingly, the complaint's allegations concerning Hendrix's actions in 2002 and 2003 are insufficient to state a claim under 42 U.S.C. § 1983.

Id. at 6-8.

2

Plaintiff did not move for reconsideration of Judge Block's decision or appeal from the judgment dismissing his action. Instead, in May 2005 – almost eleven months after the Previous Complaint was dismissed – plaintiff filed the instant complaint, which repeats the allegations concerning Hendrix's alleged attempts to coerce Mr. Echa and Ms. Lebron into incriminating plaintiff and the allegations concerning Hendrix's July 2003 interrogation of plaintiff at Mid-Hudson. Indeed, with respect to these 2002 and 2003 incidents, the factual allegations in the instant complaint are essentially identical to the allegations in the Previous Complaint. The only difference between the allegations in the two complaints is that the instant complaint alleges that Hendrix threatened plaintiff during the July 23, 2003, interrogation and accused plaintiff of committing the homicides, Complaint, ¶ IV, while the Previous Complaint did not allege that Hendrix "threatened Perez in any way" at Mid-Hudson. Perez, slip op. at 4.

Discussion

Title 28, section 1915A, of the United States Code requires this Court to review the complaint in a civil action in which a prisoner seeks redress from a governmental entity or from an officer or employee thereof, and to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted ...." 28 U.S.C. § 1915A(b); see Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam). An action is frivolous as a matter of law when, inter alia, it is based on an "indisputably meritless legal theory" – that is, when it "lacks an arguable basis in law..., or [when] a dispositive defense clearly exists on the face of the complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). However, because plaintiff is proceeding pro se, his complaint must be read liberally and interpreted as raising the strongest arguments it suggests. See McEachin v. McGuinnis, 357 F.3d

3